Richard B. Murphy
**HOLDEN WILLITS MURPHY PLC**
Two North Central Avenue Ste 1700
Phoenix AZ 85004-2396
(602) 508-6210 - Telephone
(602) 508-6211 - Facsimile
Email: RMurphy@holdenwillits.com

R. Gibson Pagter, Jr.
California State Bar No. 116450
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
(714) 541-6072 - Telephone
(714) 541-6897 - Facsimile
Email: Gibson@pagterandmiller.com

Attorneys for American Contractors Indemnity Company

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| MARIA ANN CANTU, aka MARIA ANN KONIECZKO-CANTU, | Case No. 2:08-bk-04900-CGC |
| Debtor. | Adversary No. 2:08-ap-00403-CGC |
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | **STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ACIC'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. 523(A)(4)** |
| Movant/Plaintiff(s) | |
| v. | |
| MARIA ANN CANTU aka MARIA ANN KONIECZKO-CANTU, | |
| Respondent/Defendant(s) | |

1

Pursuant to Local Rules 9013-1(g), Movant/Plaintiff American Contractors Indemnity Company ("ACIC"), through counsel undersigned, hereby submits its separate statement of facts in support of its Motion for Summary Judgment filed concurrently herewith.

1. On or about April 1, 2005 and August 19, 2005, Maria, along with her mother Chol Su Konieczko, was appointed as temporary and then permanent guardian and conservator in the Estate of Jozef Konieczko (the "Estate") in Maricopa County Superior Court Case No. PB2005-090539 (the "Probate Case"). Mr. Konieczko was her father. (A copy of the probate court's orders are attached as Exhibit 1.)

2. As a condition of the April 1, 2005 appointment, Maria and her mother were required to post a bond in the amount of $92,000. ACIC issued the bond, which was filed on or about July 7, 2005. (The bond carried over to the permanent appointment.) In connection with the bond Maria and her mother executed an indemnity agreement whereby they agreed to indemnify ACIC from "…all loss, contingent loss, liability and contingent liability, claim, expense, including attorneys' fees, for which [ACIC] shall become liable…" (A copy of the bond and the separate Indemnity Agreement are attached as Exhibit 2.)

3. On or about June 1, 2007, Hearthstone of Sun City, LLC ("Hearthstone"), a creditor of the Estate, filed an emergency verified petition for removal of Maria and her mother and appointment of a successor conservator. Hearthstone's petition alleged that Jozef Konieczko qualified for Arizona Long Term Care System ("ALTCS") benefits, but that Maria and her mother were not taking the necessary and required actions to qualify him for the plan. Hearthstone alleged that it provided room, board, nursing care and services for Mr. Konieczko and that the Estate was responsible for those payments. Hearthstone alleged that the

conservators were informed that unless they liquidated and spent down Mr. Konieczko's Vanguard 401(k) resources, he would not re-qualify for ALTCS benefits. (A copy of Hearthstone's Petition/Complaint is attached as Exhibit 3.)

  4. Despite demand and instructions, Maria and her mother failed to pay down the account. In fact, on or about May 16, 2007, they received approximately $74,000 from Mr. Konieczko's Vanguard 401(k) account. However, they refused to pay any of those funds to Hearthstone. (*Id*.)

  5. Further, Maria and her mother did not comply with ATLCS requirements to complete the application process. As long as they failed to do so, Mr. Konieczko would be ineligible for the benefits and have no payor source for his care and maintenance expenses. (*Id*.)

  6. The Petition also alleged that the conservators had demonstrated a significant disregard for their conservatorship duties, had repeatedly failed to provide the court with an appropriate accounting, failed to provide the required verification and documentation to qualify for ATLCS benefits for Mr. Konieczko, and to properly manage Mr. Konieczko's resources. (*Id*.)

  7. As a result of the petition and the evidence presented at the hearing, Maria and her mother were removed as conservators and Southwest Fiduciary was appointed as the successor conservator on or about August 2, 2007. (A copy of the probate court's minute entry and the August 2, 2007 Order are attached hereto at Exhibit 4.)

  8. On or about January 9, 2008, Hearthstone brought a civil complaint against Maria, her mother and ACIC in Maricopa County Superior Court Case No. CV 2008-00793 (the

3

G:\Docs\ACIC\Konieczko\Bankruptcy\Adversary Proceedings\Legals\Statement of Facts.doc

Case 2:08-ap-00403-CGC Doc 20 Filed 10/21/09 Entered 10/21/09 08:41:56 Desc
Main Document Page 3 of 9

"Hearthstone Case"). The Complaint alleged that the conservators failed to spend and pay down Jozef Konieczko's Vanguard 401(k) resources so that he could qualify for ALTCS benefits. It further alleged that Maria and her mother were aware that they needed to spend these resources but willfully failed to do so. (A copy of the superior court complaint is attached as Exhibit 5).

9. The Complaint also alleged that Maria and her mother failed to meet the standards of care established for conservators in A.R.S. §§ 14-5417 and 14-7303 by failing to properly administer the Estate's assets and to properly procure public assistance through ALTCS. As a result, Hearthstone alleged that Maria and her mother breached the conditions of the fiduciary bond issued by ACIC. (*Id.*)

10. The Complaint alleged that Hearthstone was owed in excess of $183,000 for care provided to Jozef Konieczko. The Complaint further alleged a right to recover the full penal sum of the bond as a result of the conservators' alleged breaches of duty to the conservatee and its damages arising therefrom. (*Id.*)

11. The court held a hearing on March 24, 2008. After hearing testimony, the court granted judgment in favor of Hearthstone and against Konieczko. (A transcript of the hearing is attached as Exhibit 6.)

12. The probate court judgment found that Maria and her mother were negligent and in breach of their duties and the administration of the Estate; that they breached their duty by failing to properly administer Jozef Konieczko's assets, and timely and properly maintain public assistance benefits through ALTCS by failing to liquidate and spend down the Estate's assets to allow financial eligibility; that Hearthstone was an interested party and thus entitled to

4

bring the action against defendant ACIC based on Konieczko's breach of the terms of the conservator bond; that the amount owed to Hearthstone exceeded the $92,000 bond amount; and that Hearthstone was entitled to judgment against Konieczko in the amount of the bond. (A copy of the Court's Order is attached as Exhibit 7.)

13. As a result of the judgment, ACIC agreed to pay Hearthstone the $92,000 penal sum of the bond upon Court approval. ACIC petitioned this Court to approve the settlement and payment. Objections to that petition were filed and the Court ordered ACIC to pay over the full penal sum of the bond by depositing the amount of $92,000 with the Clerk of the Court. ACIC made the deposit on September 2, 2008. On October 6, 2008, the Court determined that Hearthstone was entitled to the full proceeds of the bond and the Clerk paid the entire penal sum of $92,000 to Hearthstone. (A copy of the minute entry is attached as Exhibit 8.)

14. On April 29, 2008, Maria filed her Chapter 7 petition for bankruptcy, in the United States Bankruptcy Court, District of Arizona, Case No. 2:08-BK-04900. On June 12, 2008 ACIC filed its Adversary Complaint in this proceeding, seeking to avoid a discharge of Maria's debt to ACIC under the indemnity agreement and as a result of ACIC's payment of the penal sum of the bond. ACIC's Complaint objected to the discharge on the ground that the bankruptcy code excludes from discharge any debt for defalcations while acting in a fiduciary capacity. 11 U.S.C. §523(a) (4). (*See* Court file in Case No. 2:08-BK-04900.)

15. On August 4, 2008 ACIC filed its Motion for Relief from Automatic Stay in order to proceed in probate court to establish the factual requisites for non-dischargeability. The Court granted the Motion in its Order dated March 4, 2009. (*Id*.)

5

G:\Docs\ACIC\Konieczko\Bankruptcy\Adversary Proceedings\Legals\Statement of Facts.doc
Case 2:08-ap-00403-CGC    Doc 20    Filed 10/21/09    Entered 10/21/09 08:41:56    Desc
Main Document    Page 5 of 9

16. On March 25, 2009, ACIC filed its Petition/Complaint for Surcharge and/or Judgment against Konieczko in the Probate Case. (A copy of the Complaint is attached as Exhibit 9.)

17. Maria and her mother filed their Answer to the adversary action on April 27, 2009. (A copy of the Answer is attached as Exhibit 10.) In their Answer, they admitted that Hearthstone obtained a judgment against them, finding that (1) they were negligent and in breach of their duties and the administration of the Estate; (2) that they breached their duty by failing to properly administer Jozef Konieczko's assets and timely and properly maintain public assistance benefits through ALTCS by failing to liquidate and spend down the estate's assets to allow financial eligibility; (3) that Hearthstone was an interested party and thus entitled to bring the action against defendant ACIC based on Maria and her mother's collective breach of the terms of the conservator bond; (4) that the amount owed to Hearthstone exceeded the $92,000 bond amount; and (5) that Hearthstone was entitled to judgment against Konieczko in the amount of the $92,000 bond. (*See* Paragraph 22 of ACIC's Petition/Complaint (Exhibit 9) and Paragraph 22 of Konieczko's Answer (Exhibit 10.)

18. On June 15, 2009 ACIC filed its Motion for Summary Judgment and Statement of Facts in support thereof on its Petition/Complaint for Surcharge in the Probate Case. (Exhibit 11.) There are 10 exhibits attached to the Statement of Facts

19. On July 10, 2009 Maria and her mother filed their response to ACIC's Motion. (Exhibit 12.)

20. On July 27, 2009 ACIC filed its Reply in Support of Motion for Summary Judgment. (Exhibit 13.)

21. On August 3, 2009 the probate court entered its minute entry finding in favor of ACIC and granting its Motion for Summary Judgment. (Exhibit 14.)

22. On September 18, 2009 the probate court entered its final Judgment of Surcharge against Maria and her mother. (Exhibit 15.) The Judgment, states, in pertinent part, as follows:

- That the acts [described in the Judgment] constitute defalcations while acting in a fiduciary capacity by Maria and Chol Su, jointly and severally.

- That the defalcations were intentional.

- That the defalcations were wrongful.

- That the defalcations constituted misconduct.

- That as a result of these defalcations ACIC was damaged in the amount of $92,000.

- That ACIC be and hereby is awarded judgment against Maria Konieczko also known as Maria Konieczko-Cantu and Maria Cantu; and Chol Su Konieczko, jointly and severally, in the amount of $92,000 plus interest thereon at the legal rate of 10% from September 2, 2008 until paid.
- That the debt represented by this Judgment is for defalcations committed by Maria Konieczko, also known as Maria Konieczko-Cantu and Maria Cantu; and Chol Su Konieczko, jointly and severally, while acting in a fiduciary capacity.

(*See* Judgment, p. 6, paragraphs 18 – 24.)

23. The probate court's Judgment is final pursuant to Rule 54, Arizona Rules of Civil Procedure. (*See* Exhibit 15, p. 7, paragraph 25.)

7

G:\Docs\ACIC\Konieczko\Bankruptcy\Adversary Proceedings\Legals\Statement of Facts.doc
Case 2:08-ap-00403-CGC    Doc 20    Filed 10/21/09    Entered 10/21/09 08:41:56    Desc
Main Document    Page 7 of 9

24. Under Rule 59(d), Arizona Rules of Civil Procedure, a motion for new trial (reconsideration) must be filed "not later than 15 days after entry of judgment." The deadline (October 3, 2009) has passed and Maria has not filed a motion for new trial. (*See* Affidavit of Richard B. Murphy attached hereto as Exhibit 16.)

*25.* Under Rule 9(a), Arizona Rules of Civil Appellate Procedure, a notice of appeal must be filed "… not later than 30 days after the entry of judgment from which the appeal is taken…" The deadline (October 18, 2009) has passed and Maria has not filed a notice of appeal with the Arizona Court of Appeals. *(Id.)*

Date: October 20, 2009                    HOLDEN WILLITS MURPHY PLC


By: /s/ Richard B. Murphy
    Richard B. Murphy, Esq.
    Attorneys for ACIC

COPY of the foregoing mailed this
20th day of October, 2009, to:

Maria Ann Konieczko-Cantu
14703 West Parkwood Drive
Surprise, AZ 85374

Joseph W. Charles, Esq.
Joseph W. Charles P.C.
5704 West Palmaire Avenue
Glendale, AZ 85311

Diane M. Mann
P.O. Box 12970
Scottsdale, AZ 85267
Chapter 7 Trustee

U.S. Trustee
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

/s/Iva Hazley

9

G:\Docs\ACIC\Konieczko\Bankruptcy\Adversary Proceedings\Legals\Statement of Facts.doc
Case 2:08-ap-00403-CGC    Doc 20    Filed 10/21/09    Entered 10/21/09 08:41:56    Desc
Main Document    Page 9 of 9